[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Fenwick Leasing, brought this action to recover losses from the defendants, due to their alleged default under a motor vehicle lease agreement between the parties. The defendants Robert and Grace Stalsburg and Stalsburg Express filed four special defenses on August 18, 1993, asserting that 1) there is no sum due and owing to the plaintiff since the vehicle has been returned; 2) plaintiff has received sufficient compensation and equity should excuse any remaining contract debt; 3) plaintiffs lawsuit violates the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692
et seq.; and 4) General Statutes 42-98 governs and operates as a full and complete defense to this action. The plaintiff subsequently filed a motion to strike all four of the defendants' special defenses, CT Page 9670 on the ground that General Statutes 42-83 et seq., the Retail Installment Sales Financing Act ("RISFA"), does not apply to the facts of this case.
Special defenses one through three set forth both equitable and federal statutory claims, and are in no way dependent on RISFA. Therefore, a challenge based on this statute is inapposite with regard to these three special defenses.
The fourth special defense is grounded in the application of General Statute 42-98, which the defendant asserts is a complete defense to this action. The plaintiff challenges this assertion on the grounds that the agreement of the parties is a lease and not a retail installment contract. General Statutes 42-83(e) defines "retail installment contract" as: "Any security agreement . . . including an agreement to pay the retail purchase price of goods, or any part thereof, in installments over a period of time and pursuant to which a security interest . . . is retained." General Statutes 42-83(e).
"[B]efore a court can determine whether the parties intended to create a lease or an installment sales contract, and before the court can determine whether RISFA applies, the court must first determine whether the parties' agreement constitutes a security agreement." Oxford Resources Corp, v. Burdo Painting, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV91 280005 (August 19, 1992). "In distinguishing a true lease from a security agreement in the guise of a lease, the court must ascertain the parties' intent." Id. The pleadings in this case do not provide sufficient facts to determine the intent and purpose of the transaction.
Accordingly the motion to strike is denied as to each of the defendants four special defenses.
WALSH, JOHN, J.